2010 OK 80

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**James T. ROBINSON, Respondent.**

**SCBD No. 5690.**

Supreme Court of Oklahoma.

Nov. 15, 2010.

**ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS**

**APPLICATION APPROVED. RESPONDENT'S NAME STRICKEN FROM THE ROLL OF ATTORNEYS.**

¶1 Complainant, Oklahoma Bar Association, filed its Application for Order Approving Resignation on October 22, 2010, asking this court to enter an order approving the Resignation Pending Disciplinary Proceedings of James T. Robinson, pursuant to Rule 8.2, Rules Governing Disciplinary Proceedings ("RGDP") 5 O.S.2001, Ch. 1, App. 1–A. Complainant states Respondent's Resignation Pending Disciplinary Proceedings was executed in conformity with the requirements of Rule 8.1, RGDP.

¶2 Upon consideration of this matter, we find:

1. Respondent's name and address, according to records maintained by the Oklahoma Bar Association, are shown as follows:

James T. Robinson, OBA # 13552, 328 Wewoka Drive, Norman, Oklahoma 73071–7210.

2. Respondent is currently suspended from the practice of law in Oklahoma as a result of his failure to pay Oklahoma Bar Association dues by order of the Supreme Court of Oklahoma, SCBD # 5654, and his failure to comply with mandatory continuing legal education (MCLE) requirements,

per Oklahoma Supreme Court order, SCBD # 5655.

3. Respondent's affidavit states that (a) it was rendered freely and voluntarily; (b) he was not subjected to coercion or duress; (c) he was aware of the consequences of submitting his resignation and; (d) he was aware that his resignation is subject to the approval of the Supreme Court of the State of Oklahoma; however, he intends that it be effective from the date and time of its execution, and he will conduct his affairs accordingly.

¶ 3 Respondent further states that he is aware the following grievances have been investigated by the Office of the General Counsel, Oklahoma Bar Association, and the Professional Responsibility Tribunal has authorized the filing of formal charges against him with this court in:

*Ayers Grievance:* Alleges that on or about October 6, 2008, Respondent was retained to prepare and file an application for copyright and federal trademark registrations. Mr. Ayers advanced payment of $1,370.00 for attorney fees and filing fees and despite receipt of said funds, Respondent ceased communicating with Mr. Ayers and failed to file either application on his behalf. Respondent repeatedly failed to respond to the Office of the General Counsel during its investigation of this matter.

*Crowdis Grievance:* Alleges that on or about January 3, 2006, Mr. Crowdis retained and paid a flat fee of $2,000.00 to Respondent to probate the estates of Mr. Crowdis' parents. Respondent ceased work on the probates and ceased communicating with the client. Additionally, Respondent repeatedly failed to respond to the Office of the General Counsel during its investigation of this matter.

*Bond Grievance:* Alleges Respondent was paid a $2,500.00 retainer by Mr. Bond in December 2008 to file a patent application on his behalf. Mr. Bond further alleges after Respondent cashed his check, he neglected to properly communicate with his client, failed to file the patent application, and failed to refund the unearned fees to the client. Additionally, Respondent repeatedly failed to respond to the Office of the General Counsel during its investigation of this matter.

*Waterhouse Grievance:* Alleges that Respondent received $13,546.45 from Mr. Waterhouse between May 2005 and January 2007 to handle three patent applications. Grievance alleges that Respondent incompetently and negligently mishandled these patent applications and ultimately abandoned their prosecution. Grievance further alleges Respondent ceased communicating with Mr. Waterhouse and failed to refund all unearned fees and costs which should have been held in trust. Additionally, Respondent failed to provide a written response to the Office of the General Counsel during its investigation of this matter.

*General Counsel Grievance:* Alleges that a disciplinary Order of Exclusion was issued against Respondent by the United States Patent and Trademark Office ("USPTO") on May 26, 2010, In the Matter of James T. Robinson, Proceeding No. D2009–48. Said Order of Exclusion prohibits Respondent from practicing before the United States Patent and Trademark Office as a result of a finding that Respondent issued a series of insufficient checks to the USPTO, he failed to make good on those dishonored checks, that he neglected to respond to several USPTO notices regarding his abandonment of clients' matters, he failed to notify clients of his abandonment of their applications, and that he failed to submit an accounting or return patent application files to a client upon request. Additionally, Respondent failed to provide a written response to the Office of the General Counsel during its investigation of this matter.

¶ 4 Respondent is aware that the allegations concerning his conduct if proven, as set forth in the above-referenced grievances, would constitute violations of Rules 1.1, 1.3, 1.4, 1.5, 1.16, 16(d), 8.4(b) and 8.4(a)(b)(d) of the Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S.2001, Ch. 1, App. 3–1 and ORPC, 5 O.S.2001, Ch. 1, App. 3–A (as amended by the Oklahoma Supreme Court,

2007 OK 22, 171 P.3d 780) and Rules 1.3 and 5.2, RGDP, and his oath as an attorney.

¶ 5 Respondent is aware that the burden of proof regarding the allegations set forth rests upon the Oklahoma Bar Association. However, Respondent waives any and all right to contest the allegations.

¶ 6 Respondent is aware that, pursuant to Rule 8.2, RGDP, either the approval or disapproval of this resignation is within the discretion of the Oklahoma Supreme Court.

¶ 7 Respondent has familiarized himself with the provisions of Rule 9.1, RGDP, and he hereby agrees to comply with all provisions of Rule 9.1 within twenty days following the date of this resignation.

¶ 8 Respondent acknowledges and agrees he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and he may make no application for reinstatement prior to the expiration of five years from the effective date of the Order approving this Resignation Pending Disciplinary Proceedings.

¶ 9 Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients.

¶ 10 Respondent agrees that, should the Oklahoma Bar Association approve and pay such Clients Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

¶ 11 Respondent hereby affirms and avows, under penalty of perjury, that he is unable to locate his Oklahoma Bar Association membership card and therefore cannot surrender it contemporaneously with his resignation pending disciplinary proceedings. In the event Respondent finds the Oklahoma Bar Association membership card previously issued to him, he hereby affirms, under penalty of perjury, that he will destroy it.

¶ 12 Respondent acknowledges and agrees that he will cooperate with the Office of the General Counsel in the task of identifying any active clients' cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by him.

¶ 13 Respondent acknowledges the Oklahoma Bar Association has incurred costs in the investigation of the above-stated. Nevertheless, the Oklahoma Bar Association has waived those costs.

¶ 14 IT IS THEREFORE ORDERED that Complainant's application and Respondent's resignation be approved; that Respondent's name be stricken from the Roll of Attorneys and that he make no application for reinstatement to membership in the Oklahoma Bar Association prior to five years from the effective date of this order; that Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings; that Respondent reimburse the Client Security Fund of the Oklahoma Bar Association, including interest at the statutory rate, should it pay any funds to his former clients for claims made due to his alleged misconduct; and that investigative costs incurred by the Oklahoma Bar Association are waived.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 15th DAY OF NOVEMBER, 2010.

EDMONDSON, C.J., TAYLOR, V.C.J., HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, REIF, JJ., concur.